**Affirmed and Memorandum Opinion filed July 23, 2026**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00131-CV

**LAURA MCCLELLAND, Appellant**

**V.**

**MIKE MORATH, COMMISSIONER OF EDUCATION IN HIS OFFICIAL CAPACITY; AND WEATHERFORD INDEPENDENT SCHOOL DISTRICT, Appellees**

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-25-000504**

## MEMORANDUM OPINION

This is an administrative appeal from the Commissioner of Education's decision finding that the Weatherford Independent School District did not violate the Texas Education Code by requiring that an employee's assault leave and temporary disability leave run concurrently. On judicial review, the district court affirmed. We agree with the Commissioner's decision and affirm.

## BACKGROUND

The facts of this case are not in dispute. Laura McClelland was employed by the Weatherford Independent School District (WISD) as a teacher when she was assaulted by a student on November 7, 2022. Under the Texas Education Code, a school district employee who is physically assaulted while working is entitled to leave necessary to recuperate from all physical injuries sustained in the assault for up to two years beyond the date of the assault. Tex. Educ. Code § 22.003(b). In March 2023, McClelland began taking intermittent days of assault leave. McClelland later notified WISD that she would be taking continuous assault leave at the beginning of the 2023 school year due to a surgery related to the assault. WISD informed McClelland that her medical condition qualified her to take leave under the Family Medical Leave Act[1] (FMLA) and under WISD policy, FMLA leave was to run concurrently with assault leave.[2] McClelland filed a complaint with WISD, requesting confirmation that her FMLA leave would not be used while she was on assault leave. After WISD notified McClelland that WISD policy also required temporary disability leave to run concurrently with assault leave, she amended her grievance to include that issue. McClelland's Level 1 grievance was denied. She filed Level 2 and Level 3 appeals and the WISD Board of Trustees voted to deny McClelland's requested relief. During that appeals process, McClelland exhausted her FMLA leave. Her temporary disability leave also concluded but she continued on assault leave.

---

[1] The FMLA entitles an eligible employee to take 12 weeks of unpaid leave during a 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D), (c).

[2] WISD policy provided that WISD "shall require the employee to use temporary disability leave and paid leave, including any compensatory time, concurrently with FMLA leave."

2

McClelland appealed the Board of Trustee's decision to the Commissioner of Education. *See* Tex. Educ. Code § 7.057(a)(2)(A) (permitting appeals to the Commissioner from a decision that violates a state school law). She requested a ruling that WISD "may not force an employee to utilize other types of leave concurrently with assault leave" including leave under FMLA and temporary disability leave. She claimed that the language of Education Code section 22.003 precludes school districts from running any of an employee's leave concurrently with the employee's assault leave. WISD filed a plea to the jurisdiction asserting that McClelland's FMLA claim was moot because McClelland had not worked 1,250 hours in the 365 days preceding her complaint as required for FMLA eligibility. WISD also asserted that under the Education Code, assault leave may run concurrently with FMLA leave and temporary disability leave.

The Commissioner issued a decision dismissing McClelland's FMLA leave issue as moot and concluding that WISD did not violate the Education Code by running McClelland's assault leave concurrently with her temporary disability leave. After McClelland's timely motion for rehearing was denied by operation of law, she filed a petition for judicial review in the Travis County District Court challenging both of the Commissioner's conclusions. *See* Tex. Educ. Code § 7.057(d) (providing that an appeal may be taken from a decision of the Commissioner to a district court in Travis County). The district court affirmed the Commissioner's decision in all respects and this appeal followed.

## ANALYSIS

McClelland raises two issues in this Court: (1) whether WISD's policy requiring temporary disability leave to run concurrently with assault leave violates Texas Education Code section 22.003(b), and (2) whether McClelland's claim challenging WISD's policies requiring assault leave to run concurrently with

3

FMLA leave is moot. Both WISD and the Commissioner (jointly referred to as appellees) filed briefs in support of the Commissioner's decision.

## A.    Standard of Review

Generally, we review the Commissioner's evidentiary determinations under a substantial evidence standard of review. *Davis v. Morath*, 624 S.W.3d 215, 221 (Tex. 2021) (citing Tex. Gov't Code § 2001.174). However, when the question presented is one of statutory interpretation, it "presents a question of law reviewed de novo." *Id.* We also review the "application of the mootness doctrine" de novo. *Matthews v. Kountze Indep. Sch. Dist*., 484 S.W.3d 416, 418 (Tex. 2016).

## B.    WISD Did Not Act in Violation of the Education Code by Running McClellan's Temporary Disability Leave Concurrently With Her Assault Leave.

The Texas Education Code provides that a school district employee who is assaulted may receive "assault leave" for up to two years after the assault to recuperate from any injuries:

> In addition to all other days of leave provided by this section or by the school district, an employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. . . . Days of leave taken under this subsection may not be deducted from accrued personal leave. The period provided by this subsection may not extend more than two years beyond the date of the assault.

Tex. Educ. Code § 22.003(b). Section 22.003 also provides for personal leave: "A state minimum personal leave program consisting of five days per year personal leave with no limit on accumulation and transferable among districts shall be provided for school district employees. School districts may provide additional personal leave beyond this minimum." *Id.* § 22.003(a). WISD employees may take "state personal leave" as required by section 22.003, but WISD also provides an

additional five days of "local leave."

A leave of absence for a temporary disability is also required by statute. The Education Code provides that "[e]ach full-time educator employed by a school district shall be given a leave of absence for temporary disability at any time the educator's condition interferes with the performance of regular duties." Tex. Educ. Code § 21.409(a). The board of trustees may set a maximum length for a leave of absence for temporary disability of not less than 180 days. *Id.* § 21.409(f). Section 21.409 does not address whether a leave of absence for a temporary disability should be run concurrently with any other type of leave.

In her first issue, McClelland asserts that WISD's policy requiring temporary disability leave to run concurrently with assault leave violates section 22.003(b). McClelland's argument centers on the statutory language providing that an employee is entitled to assault leave "[i]n addition to *all other* days of leave provided by this section or by the school district . . . ." Tex. Educ. Code § 22.003(b) (emphasis added). This language, she claims, demonstrates the intent of the Legislature to provide up to two years of paid leave for employees who are assaulted at work in addition to *all other* days of leave, including temporary disability leave. Appellees counter that section 22.003 does not mention FMLA leave, temporary disability leave, or leave provided by state or federal law. Rather, it refers to paid leave "provided by . . . the school district." If section 22.003 were meant to apply to "all leave," the Legislature would have said as much. We begin by considering the statutory language which centers on the phrase "all other days of leave provided . . . by the school district."

Our purpose in statutory construction is to give effect to "every word, clause, and sentence" to effectuate the Legislature's intent. *Sunstate Equip. Co., LLC v. Hegar*, 601 S.W.3d 685, 689–90 (Tex. 2020) (quoting *First Am. Title Ins.*

5

*Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008)). "[W]e look to the plain language of the text and interpret it in light of the statute as a whole. 'We must apply statutes as written and refrain from rewriting text that lawmakers chose.'" *Morath*, 624 S.W.3d at 222 (quoting *Pruski v. Garcia*, 594 S.W.3d 322, 325 (Tex. 2020)).

McClelland first focuses on the word "all" in the phrase "all other days of leave," quoting an opinion from a Connecticut court for the proposition that "[t]here cannot be any broader classification than the word 'all.' In its ordinary and natural meaning, the word 'all' leaves no room for exceptions." *Laudano v. Gen. Motors Corp.*, 388 A.2d 842, 845 (Conn. Super. Ct. 1977) (citation modified). But the statute does not provide that assault leave shall be in addition to "*all* other days of leave." Tex. Educ. Code § 22.003(b) (emphasis added). Rather, "all other days of leave" is modified by the phrase "provided by this section or by the school district." *Id.* We must "determine the meaning of the words a statute uses by considering the context in which they are used, not in isolation." *Malouf v. State*, 694 S.W.3d 712, 726 (Tex. 2024) (citation modified); *In re Office of the Att'y. Gen. of Tex.*, 456 S.W.3d 153, 155 (Tex. 2015) (per curiam) ("Given the enormous power of context to transform the meaning of language, courts should resist rulings anchored in hyper-technical readings of isolated words or phrases."). Accordingly, we look beyond the meaning of the isolated word "all."

Turning to the interpretation of the phrase "leave provided . . . by the school district," appellees assert that it refers to leave established by a school district and not leave required by statute such as temporary disability leave. McClelland counters that it includes all leave that a district has made available to employees whether required by law or not, including temporary disability leave. But under McClelland's reading, the phrases "provided by this section or by the school district" that modify "all other days of leave" would be rendered meaningless or

mere surplusage. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016) ("[W]e consider the statute as a whole, giving effect to each provision so that none is rendered meaningless or mere surplusage."). We must giving meaning to both "all other days of leave provided by this section" and "provided . . . by the school district."

Looking to the language of section 22.003, the Legislature distinguished between leave provided "by the school district" and leave required by statute ("leave provided by this section") by separating the two with the conjunction "or." *King v. Paxton*, 576 S.W.3d 881, 894–95 (Tex. App.—Austin 2019, pet. denied) (recognizing that "or" when used in a statute "clearly posits alternatives"). This demonstrates that the Legislature recognized that leave "provided . . . by the school district" is distinct from and does not include statutorily required leave. Otherwise, if the Legislature had intended leave provided by a school district to included leave required by statute, then "leave provided by this section" would be mere surplusage and would be rendered meaningless. *See Martin*, 498 S.W.3d at 74.

Recognizing that leave "provided . . . by the school district" is distinct from leave provided by statute, the minimum personal leave required by section 22.003 is the only statutory leave identified by the Legislature as leave that assault leave would be "in addition to." *See* Tex. Educ. Code § 22.003(a). The Legislature demonstrated that it knew how to specify statutory leave in the assault leave statute, so had the Legislature intended assault leave to be in addition to temporary disability leave, it would have explicitly said so. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) ("We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted.").

McClelland asserts that optional paid leave provided by a school district

7

under section 22.003 was already addressed by the phrase leave "provided by this section" so leave "provided . . . by the school district" necessarily includes other types of leave. We disagree. The only leave "provided" by section 22.003 is personal leave of "five days per year." Tex. Educ. Code § 22.003(a). Section 22.003 specifies that "[*s*]*chool districts may provide* additional personal leave beyond this minimum." *Id.* (emphasis added). Under the plain language of the statute, any additional personal leave is expressly to be "provided" by school districts.

McClelland points to multiple sections in the Education Code and Commissioner Rules that require school districts to "provide" various benefits or services. *See, e.g.*, Tex. Educ. Code § 29.055(e) (providing each school district "shall provide" bilingual education students a "meaningful opportunity to participate" in extracurricular activities); 19 T.A.C. 89.1005(b) ("Each school district must provide special education and related services to eligible students with disabilities . . . in accordance with 34 Code of Federal Regulations, §§300.114-300.118, and state law."). McClelland claims that these demonstrate that a school district "provides" services even when required by law. While the Supreme Court has recognized that if the Legislature uses a word in multiple statutes on the same subject matter, it will be understood as using the word in the same sense unless "there be something in the *context* or the nature of things to indicate that it intended a different meaning thereby." *Colo. Cnty. v. Staff*, 510 S.W.3d 435, 452 (Tex. 2017) (emphasis added) (quoting *Brown v. Darden*, 50 S.W.2d 261, 263 (Tex. 1932)). And in the context of Section 22.003, as explained above, the Legislature differentiated between leave provided by statute and leave provided by the school district.

Finally, McClelland claims that "there is no discernable reason why the

8

Legislature would preserve paid leave to be used separately from assault leave but not unpaid leave." However, our task is not to "impose our personal policy choices or to second-guess the policy choices that inform our statutes . . . ." *Ritchie v. Rupe*, 443 S.W.3d 856, 866 (Tex. 2014) (internal quotation marks and citations omitted). Rather, "[o]ur task is to effectuate the Legislature's expressed intent" which is "best revealed in legislative language." *Id.* (internal quotation marks and citations omitted). And here, under the legislative language, assault leave is in addition to state minimum personal leave provided by section 22.003 and leave provided by a school district, not a leave of absence for a temporary disability. Tex. Educ. Code § 22.003.

We conclude that section 22.003(b) does not restrict a school district from running assault leave concurrently with a leave of absence for a temporary disability. We overrule McClelland's first issue.

## C. McClelland's Challenge to WISD's Policy Requiring FMLA Leave to Run Concurrently With Assault Leave is Moot.

McClelland next claims that her challenge to WISD's policy requiring FMLA leave to run concurrently with assault leave is not moot. She does not dispute that she was not eligible for FMLA leave when the Commissioner issued his decision because she had not worked 1,250 hours in the 365 days preceding the appeal. *See* 29 U.S.C. § 2611(2)(A)(ii). However, she asserts that her claim is not moot because (1) she has presented a question of validity arising under her contract with WISD, and (2) the "capable of repetition, yet evading review" exception to mootness applies. We disagree.

A case is moot when there is no longer "a justiciable controversy between the parties or when the parties cease to have 'a legally cognizable interest in the outcome.'" *State v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Williams v.*

9

*Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). In other words, "[m]ootness occurs when events make it impossible for the court to grant the relief requested or otherwise 'affect the parties' rights or interests.'" *Id.* A court does not have jurisdiction over a moot case "because any decision would constitute an advisory opinion that is 'outside the jurisdiction conferred by Texas Constitution article II, section 1.'" *Id.* (quoting *Matthews*, 484 S.W.3d at 418).

McClelland first claims that there remains a live controversy notwithstanding her ineligibility for FMLA benefits because WISD's policies are a part of her contract which she may challenge at any time. McClelland points to section 37.004 of the Uniform Declaratory Judgments Act (UDJA) which provides that "[a] person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract" and that "[a] contract may be construed either before or after there has been a breach." Tex. Civ. Prac. and Rem. Code § 37.004(a)–(b). McClelland claims that she presented a question of validity under her contract, and because the statute authorizes actions before a breach, the statute contemplates that her case presents a live controversy before WISD's policies are applied to her again.

First, we note that McClelland did not file a UDJA claim in the district court. She filed an appeal from a decision by the Commissioner. But regardless, "the UDJA does not confer jurisdiction, but is merely a procedural device for deciding cases already within a court's jurisdiction." *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (internal quotation marks and citation omitted). Accordingly, "the UDJA does not authorize a court to decide a case in which the issues are hypothetical or contingent—the dispute must still involve an actual controversy." *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 684 (Tex. 2020). Because McClelland was not eligible for FMLA leave, the question of

whether WISD may lawfully require McClelland's FMLA leave to run concurrently with her assault leave is hypothetical. *Green v. Richard D. Davis, L.L.P.*, 593 S.W.3d 842, 853–54 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("A justiciable controversy does not exist and an advisory opinion is being sought if a party requests a court to render a declaratory judgment premised upon the happening of a future, hypothetical event." (citation omitted)). Any opinion on McClelland's FMLA challenge would be advisory.

McClelland next claims that under *Click v. Tyra*, 867 S.W.2d 406 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding), her claim is not moot because she may challenge an official policy that may be applied to others. In *Click*, a party filed a writ of mandamus seeking to compel the District Clerk to prepare a transcript in the appeal, claiming a cash deposit they had already paid covered the cost of the transcript. *Id.* at 407. During the mandamus proceeding, the District Clerk filed the transcript and then argued that the proceeding was moot. *Id.* at 408. The court of appeals addressed the issue, concluding that it fell under the "capable of repetition yet evading review" exception to the mootness doctrine. *Id.* at 409.

The exception applies "where the act challenged is of such short duration that the appellant cannot obtain review before the issue becomes moot" and there is a "reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 408. The court did not address the requirement that the "same complaining party" would be subject to the same action but noted that it had received multiple amicus curiae briefs advising that the problem was "recurring" and that the district clerk's briefs indicated she believed she was acting with clear legal authority. *Id.* The court also explained that the district clerk had been able to file transcripts after a petition for writ of mandamus had been filed which "create[d] a situation where the complained of act is of such short duration

11

that it evades review whenever [her] actions are challenged." *Id*. at 409.

Although the capable-of-repetition exception requires a "reasonable expectation that the *same complaining party* would be subjected to the same action again," *id.* at 408 (emphasis added), McClelland claims that under *Click*, she may challenge WISD's official policy even if it is to be applied to others. However, this is inconsistent with more recent Supreme Court precedent holding that the exception does not apply where the complaining parties have not shown a reasonable expectation that they would be subjected to the same action. *See Lara*, 52 S.W.3d at 184 (holding that the capable-of-repetition exception did not apply to claims of former inmates challenging the constitutionality of a program in a county jail facility because whether they would be reincarcerated again was speculative); *In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012) (orig. proceeding) (per curiam) (mem. op.) ("Uresti has not shown a reasonable expectation that he will be subjected to the same action again." ).

The Supreme Court further addressed the requirement that a "reasonable expectation exists that *the same complaining party* will be subjected to the same action again" in *Texas Department of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 884 (Tex. 2025) (emphasis in original). The Court explained that "[t]he capable-of-repetition exception recognizes genuine, ongoing disputes as not really moot at all, but it screens out cases where any resulting judgment would be unlikely to directly affect the *actual parties'* interests." *Id.*(emphasis added). To establish the exception, a plaintiff must show "why continuing the litigation would tangibly and directly affect *the plaintiffs'* rights." *Id.* at 885 (emphasis added). McClelland has not done so. We disagree with McClelland that her challenge to WISD's policy regarding FMLA leave is not moot because the policy would be applied to others. And because McClelland's

FMLA issue is moot, we do not address whether WISD's policy requiring FMLA leave to run concurrently with assault leave violates Education Code section 22.003(b). We overrule McClelland's second issue.

## CONCLUSION

We affirm the judgment of the district court.

/s/ April Farris
April Farris
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.